UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1220 CAS (JEMx) | Date | July 28, 2010 |
|---|---|---|---|
| Title | PSA GROUP, LLC v. NATIONS TRANSACTION SERVICES, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NOT PRESENT | NOT PRESENT |

**Proceedings:** (In Chambers): **DEFENDANT NATIONS TRANSACTION SERVICES, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** (filed 06/29/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 2, 2010, is hereby vacated, and the matter is hereby taken under submission.

**I.     INTRODUCTION**

On February 18, 2010, plaintiff PSA Group, LLC ("PSA") filed the instant suit against defendants Nations Transaction Services, Inc. ("Nations") and Dan Jackson ("Jackson") alleging claims for (1) fraud; (2) negligent misrepresentation; (3) breach of written contract; (4) breach of oral contract; and (5) breach of the implied covenant of good faith and fair dealing.

On April 1, 2010, Nations filed a motion to dismiss PSA's complaint. On May 10, 2010, the Court denied the motion to dismiss the first and second claim. The Court granted Nations' motion to dismiss PSA's third claim for breach of written contract, fourth claim for breach of oral contract, and fifth claim for breach of the implied covenant of good faith and fair dealing, with leave to amend.

On June 9, 2010, PSA filed its first amended complaint ("FAC") alleging claims for (1) fraud; (2) negligent misrepresentation; (3) breach of written contract; and (4)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1220 CAS (JEMx) | Date | July 28, 2010 |
|---|---|---|---|
| Title | PSA GROUP, LLC v. NATIONS TRANSACTION SERVICES, INC.; ET AL. | | |

breach of the covenant of good faith and fair dealing.

On June 29, 2010, Nations filed the instant motion to dismiss PSA's breach of contract claims. On July 12, 2010, PSA filed its opposition. A reply was filed on July 15, 2010. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. BACKGROUND

PSA alleges that it is a limited liability company engaged in the business of marketing products and services and that Nations is a corporation that finances equipment leasing through its division Nations Leasing Services ("Nations Leasing"). FAC ¶ 1, 3, 6. In several telephone conversations on or about December 2007, Jackson, an employee of Nations and manager of Nations Leasing, spoke with Eric Rothman ("Rothman"), managing partner of PSA, and discussed leasing services that Nations and Nations Leasing would provide to PSA. Id. ¶ 10. PSA alleges that Jackson made the following representations:

    a.    Nations Leasing had been in existence for more than ten years and had many established relationships with banks and private lenders;

    b.    Nations Leasing was a large and successful leasing company;

    c.    Nations Leasing was a major player in the equipment leasing industry;

    d.    Nations Leasing approved loans from $3,000 to $5,000,000 in value;

    e.    Nations Leasing catered to potential lessees with credit scores of A, B, C, and D;

    f.    Nations Leasing wrote leases with lower rates than its competitors;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1220 CAS (JEMx) | Date | July 28, 2010 |
|---|---|---|---|
| Title | PSA GROUP, LLC v. NATIONS TRANSACTION SERVICES, INC.; ET AL. | | |

      g.      Nations Leasing would beat any competitor's prices;

      h.      Jackson could handle every type of equipment leasing in every industry; and

      i.      Nations Leasing closed on average one in three lease financing deals.

Id. ¶ 11.

      PSA avers that it relied on Jackson's representations and agreed to become an "independent contractor" and "a reseller" of Nations lease funding services. Id. ¶ 13. PSA alleges that it entered into a written contract with Nations in December 2007. Id. ¶ 16. PSA alleges that under the terms of the contract, it would receive 50% of the gross commission earned by Nations for funding a lease. Id. ¶ 14.

      PSA further alleges that Rothman submitted at least twenty-five lease funding deals to Jackson because of his assurances that Nations Leasing would fund them, but that Nations Leasing funded only one leasing deal. Id. ¶¶ 17, 18. PSA claims that because Nations and Jackson failed to fund the remaining twenty-four equipment leases brought to them by PSA between December 2007 and September 2009, PSA suffered damages in the amount of $350,000 in lost commissions and loss of reputation. Id. ¶ 22.

**III. LEGAL STANDARD**

      A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1220 CAS (JEMx) | Date | July 28, 2010 |
|---|---|---|---|
| Title | PSA GROUP, LLC v. NATIONS TRANSACTION SERVICES, INC.; ET AL. | | |

a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1220 CAS (JEMx) | Date | July 28, 2010 |
|---|---|---|---|
| Title | PSA GROUP, LLC v. NATIONS TRANSACTION SERVICES, INC.; ET AL. | | |

Cir. 2000).

### IV. DISCUSSION

Nations argues that the language of PSA's FAC fails to cure the flaws of the original complaint because PSA still cannot identify one provision of the contract that has been breached. Mot. at 5. Moreover, Nations argues that even though PSA alleges a number of ways that Nations failed to perform its obligation to take reasonable steps to fund lease funding opportunities that PSA supplied to it for funding, the underlying allegation is still the same as in the original complaint. Id. at 5. Nations asserts that PSA is trying to impose a duty on Nations to fund leases, an obligation that does not exist under the contract. Id. at 6. Nations therefore argues that because PSA does not specify any express terms in the contract on which the implied duty arises, its claim for breach of the implied covenant of good faith and fair dealing must consequently fail. Id. at 5 (citing Berger v. Home Depot U.S.A., Inc., 476 F. Supp. 2d 1174, 1177 (C.D. Cal. 2007).

PSA responds that the following three terms were implied in the contract: Nations was obligated to (1) process lease funding applications; (2) process applications in a timely fashion according to industry standards; and (3) seek funding for applications submitted by PSA, if the applicants met Nations' criteria for funding. Reply at 5. In support of its argument that these terms were implied in the contract, PSA asserts that a court may find an implied contract provision if:

> (1) The implication either arises from the contract's express language or is indispensable to effectuating the parties' intentions; (2) it appears that the implied term was so clearly within the parties' contemplation when they drafted the contract that they did not feel the need to express it; (3) legal necessity justified the opposition; (4) the implication would have been expressed if the need to do so had been called to the parties' attention; and (5) the contract does not already address completely the subject of the implication.

Id. (quoting In re Marriage of Corona, 172 Cal. App. 4th 1205, 1222 (Ct. App. 2009)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1220 CAS (JEMx) | Date | July 28, 2010 |
|---|---|---|---|
| Title | PSA GROUP, LLC v. NATIONS TRANSACTION SERVICES, INC.; ET AL. | | |

    PSA argues that the first requirement is satisfied here because implication of the three terms is necessary to effectuate the parties' intentions. Id. Specifically, PSA contends that it would have been impossible to provide leasing opportunities to clients that PSA brought to Nations, which was the intent of the parties, if there was no implied obligation that Nations process applications and seek funding for them. Id. at 6.

    PSA also argues that the second requirement is satisfied "because the three terms sought to be implied are such an obvious part of providing funding for equipment leasing opportunities to businesses that it cannot be seriously argued that the parties did not contemplate them when the contract was drafted." Id. In addition, PSA contends that the third requirement is satisfied because the contract would be illusory if the three terms were not implied in the contract in that without these implied terms, Nations would not be required to do anything once PSA submitted lease funding applications. Id. PSA further argues that the fourth requirement is met because of "the obvious link between the acts comprising the three terms and the purpose of the contract and the nature of Nations' services" such that it cannot be argued that "PSA and Nations would have refused to express the three terms in the contract, if the need to express them would have been called to their attention." Id. Lastly, PSA argues that the fifth requirement is satisfied because the contract "not only does not address completely the subject of the terms sought to be implied, but it fails to address the subject at all." Id. at 6-7. In addition, PSA asserts that California Civil Code sections 1665 and 1656, which govern contract interpretation, further support its argument that the three terms be implied.[1]

    In its reply, Nations reiterate its arguments set forth in its moving papers. See Reply at 2-3.

    Implied conditions and covenants are generally not favored. See Cousins Inv. Co. v. Hastings Clothing Co., 45 Cal. App. 2d 141, 149 (1941). When considering whether a

---

    [1] Cal. Civ. Code § 1655 provides: "[s]tipulations which are necessary to make a contract reasonable, or comfortable to usage, are implied, in respect to matters concerning which the contract manifests no contrary intention." Cal. Civ. Code § 1656 provides: "[a]ll things that in law or usage are considered incidental to a contract, or as necessary to carry it into effect, are implied therefrom, unless some of them are expressly mentioned therein, when all other things of the same class are deemed to be excluded."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1220 CAS (JEMx) | Date | July 28, 2010 |
|---|---|---|---|
| Title | PSA GROUP, LLC v. NATIONS TRANSACTION SERVICES, INC.; ET AL. | | |

provision is implied in a contract, "[t]he usual and reasonable terms found in similar contracts may be considered, unexpressed provisions of the contract may be inferred from the writing, external facts may be relied upon, and custom and usage may be resorted to in an effort to supply a deficiency if it does not alter or vary the terms of the agreement." Addiego v. Hill, 238 Cal. App. 2d 842, 846 (1965). However, "[i]t is not enough to say that without the proposed implied covenant, the contract would be improvident or unwise or would operate unjustly. Parties have the right to make such agreements. The law refuses to read into contracts anything by way of implications except upon grounds of obvious necessity." Walnut Creek Pipe Distribs. v. Gates Rubber Co. Sales Div., 228 Cal. App. 2d 810, 815 (Ct. App. 1964).

The Court finds that PSA alleges implied terms that are consistent with the express terms of the contract, which is attached to the FAC, and thus PSA has sufficiently alleged a claim for relief. Accordingly, the Court DENIES Nations' motion to dismiss PSA's claims for breach of contract and breach of the covenant of good faith and fair dealing.

**V.   CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES PSA's motion to dismiss PSA's claims for breach of contract and breach of the covenant of good faith and fair dealing.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |