UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1220 CAS (JEMx) | Date | February 1, 2011 |
|---|---|---|---|
| Title | PSA GROUP, LLC v. NATIONS TRANSACTION SERVICES, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NOT PRESENT | NOT PRESENT |

**Proceedings:** (In Chambers): **PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT TO ADD PARTIES** (filed 12/27/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I. INTRODUCTION

On February 18, 2010, plaintiff PSA Group, LLC ("PSA") filed the instant suit against defendants Nations Transaction Services, Inc. ("Nations") and Dan Jackson ("Jackson") alleging claims for (1) fraud; (2) negligent misrepresentation; (3) breach of written contract; (4) breach of oral contract; and (5) breach of the implied covenant of good faith and fair dealing.

On April 1, 2010, Nations filed a motion to dismiss PSA's complaint. On May 10, 2010, the Court denied the motion to dismiss the first and second claim. The Court granted Nations' motion to dismiss PSA's third claim for breach of written contract, fourth claim for breach of oral contract, and fifth claim for breach of the implied covenant of good faith and fair dealing, with leave to amend.

On June 9, 2010, PSA filed its first amended complaint ("FAC") alleging claims for (1) fraud; (2) negligent misrepresentation; (3) breach of written contract; and (4) breach of the covenant of good faith and fair dealing. On October 7, 2010, Nations filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1220 CAS (JEMx) | Date | February 1, 2011 |
|---|---|---|---|
| Title | PSA GROUP, LLC v. NATIONS TRANSACTION SERVICES, INC.; ET AL. | | |

an answer to plaintiff's first amended complaint.

On December 27, 2010, plaintiff filed the instant motion to amend its first amended complaint. On January 4, 2011, Nations filed an opposition to plaintiff's motion. On January 13, 2011, plaintiff filed a reply in support of its motion. Having carefully considered the arguments of the parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Fed. R. Civ. P. 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). Fed. R. Civ. P. 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P.15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "'[u]ndue delay is a valid reason for denying leave to amend.'" Id. (quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990)); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.2d at 1324. And "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1220 CAS (JEMx) | Date | February 1, 2011 |
|---|---|---|---|
| Title | PSA GROUP, LLC v. NATIONS TRANSACTION SERVICES, INC.; ET AL. | | |

theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies . . . ." Id. (internal quotation marks and citation omitted).

### III. DISCUSSION

Plaintiff seeks to amend its complaint to add Ellen Tunick and Ron Tunick (collectively, "the Tunicks"), officers of Nations, as individual defendants. Mot. at 2. Plaintiff argues that it is proper for the Court to grant leave to amend in this instance because the amendment will not result in undue delay or prejudice. Id. at 3. "Here, the litigation will not be delayed if the Tunicks are added as defendants because the factual discovery cutoff date is July 31, 2011, six months after this motion will be heard, and the trial date is on November 15, 2011, nine and one-half months after this motion will be heard. This leaves ample time for the Tunicks to conduct discovery and prepare their defenses so that the litigation scheduling and trial dates will not have to be delayed. Besides, the Tunicks have been aware of the lawsuit since it was filed and have likely made decisions about it as officers of Nations, which has been described as a family business. Adding the Tunicks as parties will not meaningfully enlarge the scope of the litigation because the only issue that will be added is the issue of their personal liability." Id. at 5-6. Additionally, "Nations will not be prejudiced by having its litigation costs increased as a result of the case lengthening since neither the trial date nor any other litigation scheduling date will be delayed. No other party will gain the advantage of having a longer time in which to conduct discovery because formal discovery has yet to be initiated by PS A or Nations." Id. at 7.

Moreover, plaintiff argues, it did not engage in any undue delay in amending its complaint to add these parties, as it became aware of the possible assertion of an alter ego theory after receiving copies of PSA's tax returns during settlement negotiations. Id. at 6. After receiving the relevant financial information, plaintiff argues, it delayed in filing this motion only while "engaged in meaningful settlement talks, the tenor of which PSA judged would have been adversely effected [sic] by moving to name the Tunicks as individual defendants." Id. Furthermore, plaintiff argues, there is no evidence of bad faith or dilatory motive in naming the Tunicks at this stage of litigation. Id. at 6-7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1220 CAS (JEMx) | Date | February 1, 2011 |
|---|---|---|---|
| Title | PSA GROUP, LLC v. NATIONS TRANSACTION SERVICES, INC.; ET AL. | | |

Defendant Nations argues that "[t]he addition of an alter ego liability theory to the complaint is not warranted based upon the allegations made by Plaintiff. The plaintiff brings two main points that allegedly subject the Tunicks to personal liability (I) that they are paying themselves excessive salaries and (ii) that the Defendant may file bankruptcy. Neither of these alleged facts would serve to impose alter ego liability on the Tunicks." Opp. at 2. Defendant also objects to the declaration of Kerry Renn, submitted with plaintiff's motion. Id. at 3. In part, defendant objects to paragraphs 5, 6, and 7, which reference defendant's tax returns. Id. "The tax returns were provided to Plaintiff by Defendant as part of the process of trying to settle the case and are the subject of a confidentiality agreement. Despite Defendant's disclosure of this information that is otherwise privileged in an attempt to settle this case, the tax records themselves would be the best source of information, subject to a protective order, and the attorney for Plaintiff should not be allowed to use his declaration in order to summarize those documents." Id.

In reply, plaintiff argues that defendant's opposition is effective as it does not address undue delay, prejudice, of any other factor outlined in Forman v. Davis, 371 U.S. 178 (1962). Reply at 2. Moreover, plaintiff argues, defendant mischaracterizes the issue in its brief, as the primary issue at this stage is not whether PSA will be able to establish the elements of alter ego theory. Id. at 3. Additionally, plaintiff adds, "[i]t should be noted that the specter of a possible bankruptcy by Nations is not being used by PSA to argue that bankruptcy satisfies the elements of alter ego theory. But rather, PSA is arguing that the specter of bankruptcy warrants allowing PSA to amend its complaint to include the Tunicks to allow discovery on the alter ego issue, discovery that will rule the Tunicks in or out as a possible sources [sic] recovery for a judgment." Id. at 2-3.[1]

The Court is persuaded by plaintiff's arguments. There is no evidence that plaintiff acted in bad faith or was not diligent, and defendants will not be unfairly prejudiced by

---

[1] Plaintiff also notes that it has concluded that some of the information submitted in the declaration in support of its motion "is privileged under present circumstances. Because of this, PSA is now asking the court to disregard this information when reaching its decision on the motion." Reply at 3. The Court does not rely upon this declaration, or either of the declarations submitted with plaintiff's reply brief in reaching the instant decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1220 CAS (JEMx) | Date | February 1, 2011 |
|---|---|---|---|
| Title | PSA GROUP, LLC v. NATIONS TRANSACTION SERVICES, INC.; ET AL. | | |

allowing plaintiff to file its proposed amended complaint. To the extent defendant argues that plaintiff cannot establish alter ego liability, or that plaintiff is breaching a settlement privilege, the Court finds these arguments more properly addressed on a motion to dismiss or a motion to preclude consideration of certain evidence.

## V.     CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS PSA's motion for leave to amend its first amended complaint to add parties, on or before February 22, 2011.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |